**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| AUTOZONE PUERTO RICO, INC.<br>Plaintiff<br><br>v.<br><br>THE PEP BOYS - MANNY, MOE & JACK<br>LLC<br>Defendant | CIVIL NO. 26-1159<br><br>BREACH OF CONTRACT |

**COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW** Plaintiff **AUTOZONE PUERTO RICO, INC.** (hereinafter referred to as "AutoZone" or "Plaintiff"), through the undersigned attorneys, and very respectfully states, alleges and prays as follows:

## I.      JURISDICTION AND VENUE

1.      Jurisdiction exists pursuant to 28 U.S.C. § 1332, in that the plaintiff, AutoZone, is a corporation organized under the laws of Puerto Rico, with its principal place of business in Puerto Rico; defendant Pep Boys - Manny, Moe & Jack LLC (hereinafter referred to as "Pep Boys") is a limited liability company organized under the laws of Delaware; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Pursuant to 28 U.S.C. § 1391 (b)(2), venue is proper in the United States District Court for the District of Puerto Rico, as this is a breach of contract claim where the contract was to be performed and executed in Puerto Rico.

## II.    PARTIES

3.    Plaintiff, AutoZone is a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Puerto Rico, with registry number 141678.

4.    Plaintiff is engaged in the retail and commercial sale of automotive parts and related goods and services throughout Puerto Rico, including but not limited to the operation of multiple retail locations under the AutoZone brand.

5.    Its designated resident agent is CT Corporation System, located at Ochoa Building, 500 Calle de la Tanca, Suite 514, San Juan, Puerto Rico 00901. Plaintiff's mailing address is P.O. Box 9022946, San Juan, Puerto Rico 00902-2946.

6.    AutoZone is a party to the Purchase Agreement that gives rise to the claims asserted in this Complaint and is identified therein as the "Buyer".

7.    Defendant Pep Boys ("Pep Boys" or "Defendant") is a limited liability company organized under the laws of the State of Delaware, with file number 4203952.

8.    Its registered agent information is Corporation Service Company, located at 251 Little Falls Drive, Wilmington Delaware 19808.

9.    Pep Boys is a party to the Purchase Agreement that is the subject of this Complaint and is identified therein as the "Seller".

## III.    STATEMENT OF FACTS

10.    On December 14, 2023, AutoZone and Pep Boys entered into a Purchase Agreement (the "Agreement") through which AutoZone acquired certain assets of Pep Boys related to its automotive retail operations in Puerto Rico.

11. Through the Agreement, AutoZone purchased from Pep Boys the commercial and retail automotive parts business and operations of Pep Boys's affiliate, Pep Boys - Manny, Moe & Jack of PR, Inc.

12. Section 2.02 of the Agreement provides that as part of the transaction AutoZone "shall not assume, and will not pay, discharge, perform or otherwise be liable or responsible for, any Liabilities of Seller or Pep PR of any nature whatsoever, including any Liability to the extent arising out of events occurring prior to the Effective Date, any Environmental Liability, any Employee Liability, or any Liability of Seller or Pep PR for failure to comply with applicable Law (the 'Excluded Liabilities')".

13. Section 6.02(c) of the Agreement further states that Pep Boys "shall retain all Liabilities with respect to those employees of the Business who are not Hired Employees, including paying such employees any applicable severance payment arising under Puerto Rico Law 80-1976, as amended, upon termination of their employment with Seller".

14. Pursuant to Section 6.02(a) of the Agreement, AutoZone only had to solicit substantially all, but not all, the individuals employed by Defendant's affiliate Pep Boys - Manny, Moe & Jack of PR, Inc.

15. Section 6.02(b) of the Agreement defines "Hired Employees" as employees who accept (…) offer of employment" from AutoZone.

16. Section 7.02 of the Agreement states that Pep Boys "shall defend, indemnify, and hold harmless Buyer... from and against all Losses arising from or relating to... any Excluded Liabilities".

17. On October 18, 2022, Mrs. Anamarie Ramírez-Berdecía (hereinafter referred to as "Ramírez-Berdecía") filed a complaint against Pep Boys - Manny, Moe & Jack of PR, Inc. before

the Puerto Rico Court of First Instance, Ponce Part, Case No. PO2022CV02864, alleging wrongful termination, retaliation and disability discrimination under Puerto Rico law ("Ramírez-Berdecía Litigation").

18.     Ramírez-Berdecía filed her Complaint against Pep Boys- Manny, Moe & Jack of PR, Inc. prior to AutoZone and Pep Boys entering into the Agreement. On November 3, 2022, Pep Boys - Manny, Moe & Jack of PR, Inc. denied the allegations and affirmatively stated that Ramírez-Berdecía was not terminated but rather placed on an unpaid leave of absence due to her inability to perform the essential functions of her position.

19.     At the time the original complaint was filed on October 18, 2022, Ramírez-Berdecía had already been on an unpaid leave of absence for a period in excess of three (3) months.

20.     On April 29, 2025, Ramírez-Berdecía amended her complaint to include Plaintiff AutoZone as a co-defendant.

21.     Ramírez-Berdecía was not employed by AutoZone.

22.     In the Amended Complaint Ramírez-Berdecía demands relief in an amount no less than three hundred fifty thousand dollars ($350,000.00) in back pay and compensatory damages, an equal amount in penalties, and a severance payment of $29,245.74 under Puerto Rico Act 80-1976.

23.     AutoZone was served with the Amended Complaint on May 8, 2025, and was compelled to file a responsive pleading to avoid entry of default.

24.     In its Answer to the Amended Complaint filed on May 16, 2025, AutoZone denied all material allegations and affirmatively asserted that it has never been Ramírez-Berdecía's employer, is not a successor employer, and is not liable for any alleged actions or omissions that occurred prior to the effective date of the Agreement.

25.     The claims asserted by Ramírez-Berdecía in the Amended Complaint are based entirely on alleged events that occurred prior to the Effective Date of the Agreement and while employed by Defendant's affiliate Pep Boys - Manny, Moe & Jack of PR, Inc.

26.     Pursuant to the Amended Complaint filed, Ramírez-Berdecía was terminated by Defendant's affiliate Pep Boys - Manny, Moe & Jack of PR, Inc. years before the effective date of the Agreement between Plaintiff and Defendant.

27.     Ramírez-Berdecía was never a "Hired Employee" as defined by the Agreement.

28.     On June 17, 2025, Plaintiff sent a formal written notice to Defendant demanding indemnification for all costs, fees, and potential liability related to the litigation.

29.     Defendant refused to indemnify Plaintiff, in violation of the Agreement.

### IV.     CLAIM FOR RELIEF FOR BREACH OF CONTRACT

30.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29.

31.     Pursuant to Section 8.10 of the Agreement, the Agreement is governed and construed in accordance with the laws of the State of Delaware.

32.     Under laws of the State of Delaware, a claim for breach of contract requires proof of (1) the existence of a contract, (2) a breach of an obligation imposed by that contract, and (3) resulting damages. VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003).

33.     The Agreement is a valid and binding contract governed by the laws of the State of Delaware.

34.     Under the express terms of the Agreement, Defendant retained all liability for claims arising from employment relationships that predated the Effective Date, including, but not

limited to, wrongful termination, retaliation, disability discrimination, and severance obligations under Puerto Rico Law 80-1976.

35. The Agreement also mandates that Defendant indemnify and hold Plaintiff harmless against all losses, claims, and expenses resulting from any such excluded liabilities.

36. The claims asserted by Ramírez-Berdecía in the Puerto Rico Court of First Instance litigation are based on events that occurred in 2022, prior to the Effective Date of the Agreement.

37. Ramírez-Berdecía filed the Complaint on October 18, 2022, over three (3) months after being placed on unpaid leave by Pep Boys - Manny, Moe & Jack of PR, Inc.

38. Pursuant to PR Act No. 80-1976, it could be construed that Plaintiff was terminated by Defendant's affiliate Pep Boys - Manny, Moe & Jack of PR, Inc., when the imposed unpaid leave exceeded three (3) months.

39. Pursuant to the Agreement, AutoZone was not required to solicit and/or hire all the individuals employed by Pep Boys - Manny, Moe & Jack of PR, Inc., including Ramírez -Berdecia.

40. Since AutoZone did not hire Ramírez-Berdecía, upon receiving notice of the Complaint, AutoZone requested that Pep Boys reimburse Plaintiff for any portion of the costs, fees, or exposure arising from the Ramírez-Berdecía litigation, pursuant to the terms and conditions of the Agreement.

41. Pursuant to the Agreement, since AutoZone never extended an offer of employment to Ramírez-Berdecía, AutoZone did not assume any liabilities related to her claims, which occurred prior the effective date of the Agreement.

42. Since the allegations presented by Ramírez-Berdecía took place before the effective date of the Agreement and because AutoZone never offered her employment, Pep Boys retained

all liabilities related to her claims and must reimburse AutoZone for the costs and expenses associated with its defense, as well as any Judgment that may be issued.

43.    Defendant's refusal to assume responsibility and reimburse Plaintiff constitutes a clear and material breach of Defendant's obligations under the Agreement.

44.    As a direct and foreseeable consequence of Defendant's breach, Plaintiff has been compelled to defend itself in the ongoing litigation, incurring in approximately fifty thousand dollars ($50,000.00) in attorneys' fees and defense-related costs to date. This amount will continue to increase as the litigation proceeds. If the Ramírez-Berdecía Litigation proceeds to Trial, AutoZone will incur in legal fees and expenses exceeding seventy-five thousand dollars ($75,000.00).

45.    Moreover, in her Amended Complaint, Ramírez-Berdecía seeks back pay and compensatory damages of not less than three hundred fifty thousand dollars ($350,000.00), an equal amount in penalties, and a severance payment of $29,245.74 under Puerto Rico Act 80-1976.

46.    Plaintiff is entitled to full indemnification under the terms of the Agreement for all losses suffered in connection with the Ramírez-Berdecía claim, including, but not limited to, attorneys' fees, costs of defense, and any amounts paid in judgment or settlement.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AutoZone respectfully prays that this Honorable Court enter judgment granting this complaint and:

1.    Award Plaintiff all damages resulting from Defendant's breach of the Agreement, including, but not limited to:

a.    Attorneys' fees and defense-related costs incurred to date, estimated in approximately $50,000.00;

     b.     Any additional legal fees, litigation costs, or expenditures incurred in the continued defense of the Ramírez-Berdecía litigation;

     c.     Any amounts paid by Plaintiff in settlement, judgment, or satisfaction of the claims asserted in the underlying litigation;

2.     Any other indemnifiable losses arising from the Ramírez-Berdecía litigation, in accordance with the Agreement;

3.     Award Plaintiff its costs and reasonable attorneys' fees incurred in bringing this action; and

4.     Grant such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of March, 2026.

**CERTIFICATE OF SERVICE:** on this date a true and exact copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to which will send notification of such filing to all parties.



P.O. Box 194302
San Juan, P.R. 00919-4302
Tel.: (787) 767-7777
Fax: (787) 763-2286

*s/ Nannette Rodríguez-Rodríguez*
**NANNETTE RODRIGUEZ-RODRIGUEZ**
USDC-PR #305105
Email address: nrodriguez@pg.legal

s/*Lloyd Isgut Rivera*
**LLOYD ISGUT RIVERA**
USDC-PR # 229307
E-mail address: lisgut@pg.legal